UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA KINKER,

    Plaintiff,

v.                                              Case No: 8:23-cv-86-JSM-JSS

AMERICAN RELIABLE INSURANCE
COMPANY,

    Defendant.
_____

**ORDER**

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss Complaint (Dkt. 19) and Plaintiff's Response (Dkt. 23). Upon review of the motion, response, and being otherwise advised in the premises, the Court denies Defendant's motion because Plaintiff's breach of contract claim is sufficiently pled.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint when it fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). It must also construe those factual allegations in the light most favorable to the plaintiff. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (internal citation omitted).

To withstand a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544,

570 (2007).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Pleadings that offer only "labels and conclusions," or a "formulaic recitation of the elements of a cause of action," will not do.  *Twombly,* 550 U.S. at 555.

Plaintiff alleges a single breach-of-contract claim against Defendant because her home suffered a "windstorm event," which was allegedly covered by Plaintiff's homeowners insurance with Defendant and Defendant refused to cover the loss.  The Complaint identifies the insurance policy and contains facts about the subject loss.  Curiously, Defendant moved to dismiss the claim, arguing two points, both of which are without merit.

First, Defendant contends that Plaintiff lacks standing because her name is not the name listed on the subject policy.  This argument is a non-starter.  Plaintiff alleges that she is identified under the policy and that she is the homeowner of the subject property.  More important, Plaintiff responds that she changed her name and notified Defendant, but Defendant neglected to note the name change on the policy.  Simply put, Plaintiff has alleged her standing, especially at this early stage.

Second, Defendant argues that Plaintiff's claim should contain more detailed facts about the alleged breach.  This is another non-starter.  The Complaint alleges that Plaintiff's home suffered a loss that was covered under the subject policy, Plaintiff notified Defendant of the loss, and Defendant denied her claim in breach of the policy.  Notably, Defendant removed this case based on diversity jurisdiction and included in that removal

Plaintiff's Civil Remedy Notice ("CRN"), which was filed pursuant to Florida law. The CRN clearly identifies the subject loss and contains many details regarding the same, including the damages to the home. Any argument that Defendant is without knowledge as to the facts of the claim is without merit. Plaintiff's breach of contract claim is sufficient pled pursuant to Rule 12(b)(6).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Complaint (Dkt. 19) is denied.

2. Defendant shall file its Answer to the Complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of May, 2023.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record